# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-11013
Summary Calendar

JULIET R COTTON, also known as J R Woodard,

Petitioner-Appellant

v.

W ELAINE CHAPMAN, Warden, Federal Medical Center Carswell,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-403

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juliet R. Cotton, federal prisoner # 53034-019, appeals the district court's denial of her 28 U.S.C. § 2241 petition challenging a prison disciplinary proceeding in which she was found guilty of refusing to provide a urine sample and displaying insolence to staff members. Cotton argues that the district court erred in determining that the evidence was sufficient to support the decision of the disciplinary hearing officer (DHO). She also contends that the DHO violated

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her due process rights and that the disciplinary action was retaliation for filing a civil lawsuit.

The DHO was presented with evidence from Officer Escalera and Lieutenant Johnson that Cotton yelled and insulted Officer Escalera before leaving Officer Escalera's side and walking towards her room. Though Cotton testified that she did not act in this manner, the DHO chose to give greater weight to the evidence from Officer Escalera and Lieutenant Johnson than the evidence from Cotton. The DHO's decision has some basis in fact and therefore is not in error. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985).

Cotton's asserts that her due process rights were violated. The denial of a continuance, the withholding of memoranda from Lieutenant Johnson and other documentation, and technical errors in the transcribing of sanctions do not state constitutional claims or implicate due process rights. *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989); *Wolff v. McDonnell*, 418 U.S. 539, 564-69 (1974). Cotton's argument that the DHO denied her due process rights by preventing her from calling witnesses is not supported by the record. Cotton did not attempt to call her purported witness at the hearing and did not learn of her identity until months later. Cotton's argument that she was not informed of her rights prior to the disciplinary hearing is also not supported by the record. The report written by the DHO states that Cotton was informed of her rights prior to the hearing. Cotton has not shown that the district court erred in determining that her due process rights were not violated in conjunction with the disciplinary proceeding. *See Wolff*, 418 U.S. at 564-69.

Cotton's claim of retaliation also fails. Her allegation is based on the fact that the incident with Officer Escalera occurred two days after she was granted in forma pauperis status in an unrelated civil action. Cotton does not allege that Officer Escalera is a party to the civil lawsuit. Cotton fails to allege facts showing that, but for a retaliatory motive, she would not have been disciplined

for being insolent and refusing to provide a urine sample. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Accordingly, the judgment of the district court is AFFIRMED.